FILED
United States Court of Appeals
Tenth Circuit

December 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

6575 MEADE COURT, Arvada,
Colorado; 15150 ALMSTEAD
STREET, Denver, Colorado;
ACCOUNT #103657774396 U.S.
BANK; LOTS 24 AND 27, BLOCK
2, HAWK RIDGE SUBDIVISION,

    Defendants.

No. 14-1232
(D. Colorado)
(D.C. No. 1:04-CV-01767-BNB)

JAIME ZAPATA-HERNANDEZ,

    Claimant-Appellant.

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

The government obtained a partial order of civil forfeiture on two

lots of real property. *United States v. 6575 Meade Ct.*, 2008 WL 2229136

---

[*]    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(D. Colo. 2008). Roughly six years later, Mr. Jaime Zapata-Hernandez moved to reopen the forfeiture order, seeking damages from three individuals (John F. Walsh, James S. Russell, and Raisa Vilensky) and moving for a default judgment and summary judgment against the three individuals. The district court denied the motion to reopen and struck the requests for damages. We affirm.[1]

## The Underlying Appeal

In the arguments set out in his opening brief, Mr. Zapata-Hernandez does not appear to challenge the denial of his motion to reopen. But in the "statement of the case" section of his reply brief, he appears to challenge the denial of his motion to reopen based on Fed. R. Civ. P. 60(b)(4).[2]

That motion was meritless. Rule 60(b)(4) allows reopening when the district court lacked jurisdiction, but Mr. Zapata-Hernandez does not say why the district court lacked jurisdiction.[3]

---

[1] The parties have not requested oral argument. Thus, we have decided the appeal based on the briefs.

[2] In a request to reconsider an order allowing supplementation of the record, Mr. Zapata-Hernandez dismissed the appeal regarding the government's forfeiture claim over Lots 24 and 27. Objection to the Court's Order Dated October 2, 2014, at 1 (Oct. 8, 2014). Because Mr. Zapata-Hernandez is pro se, however, the Court has addressed the arguments in his "statement of the case" in light of the possibility that he is intending to appeal denial of the motion to reopen.

[3] The district court denied the Rule 60 motions because the case was closed. The court's summary treatment was understandable: Mr. Zapata-Hernandez filed a number of motions out of the blue six years after the

2

In district court, Mr. Zapata-Hernandez relied on dismissal of the government's criminal-forfeiture action. This reliance was misplaced.

The government filed two forfeiture actions: one was criminal; the other was civil. The criminal-forfeiture action was dismissed, but the civil-forfeiture action continued. Mr. Zapata-Hernandez apparently confused the two actions. Though the court would have lacked jurisdiction to act in the criminal-forfeiture action, the court did not do so; it acted in the civil-forfeiture action.

In the amended complaint, the government based jurisdiction on 28 U.S.C. §§ 1345 and 1355. Section 1345 gives district courts jurisdiction over all civil actions begun by the United States. 28 U.S.C. § 1345. And § 1355 provides federal district courts with jurisdiction over forfeiture actions brought under federal law. 28 U.S.C. § 1355(a). Mr. Zapata-Hernandez supplies no basis to question the district court's jurisdiction under § 1345 or § 1355.

Though the district court had jurisdiction over the government's forfeiture action, there was no jurisdiction over Mr. Zapata-Hernandez's claims against Raisa Vilensky, John Walsh, or

---

entry of a forfeiture order. But, a motion to reopen under Rule 60 cannot be denied on the ground that the case is closed. In proceedings under Rule 60, the movant is necessarily trying to reopen a matter that had been considered "closed." But, we can affirm on grounds supported by the record even if not relied on by the district court. *See D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013).

James Russell. In the opening brief, Mr. Zapata-Hernandez names the three individuals as the three "appellees." And, in that document, Mr. Zapata-Hernandez confines his arguments to the claims against the three individuals: The first argument is the refusal to enter a default judgment against the three individuals; the second argument is the refusal to enter summary judgment against the three. But, Mr. Zapata-Hernandez acknowledges through his appeal briefs that the three individuals are "non-parties." *See, e.g.*, Appellant's Opening Br. at 2-3. As non-parties, the three individuals were beyond the court's jurisdiction. *See Sansom Comm. by Cook v. Lynn*, 735 F.2d 1535, 1548 (3d Cir. 1984) ("In general a court has no jurisdiction to determine the rights of nonparties to the litigation.").

Mr. Zapata-Hernandez's mistake was the failure to assert a cross-claim against Raisa Vilensky, John Walsh, or James Russell. Until Mr. Zapata-Hernandez filed a cross-claim and served the three individuals, the district court lacked jurisdiction to enter a judgment against the three.

Accordingly, we affirm the default judgment against Mr. Zapata-Hernandez and the refusal to enter a default judgment against Raisa Vilensky, John Walsh, and James Russell.

## Requests for Supplementation of the Record and Leave to Proceed in Forma Pauperis

With the appeal, Mr. Zapata-Hernandez seeks leave for supplementation of the record and authorization to proceed in forma pauperis.

He wants to supplement the record with a letter from an attorney and an order regarding return of property. But, Mr. Zapata-Hernandez does not adequately explain how these documents would affect the appeal. Thus, the Court denies leave to supplement the record.

But, Mr. Zapata-Hernandez does justify leave to proceed in forma pauperis. This request is granted.

## Request for Reconsideration

Finally, Mr. Zapata-Hernandez seeks reconsideration of an order by a motions panel. The panel granted the government's request to supplement the record on appeal with the magistrate judge's order (Dist. Ct. Dkt. No. 79), his report and recommendation (Dist. Ct. Dkt. No. 93), and the forfeiture order (Dist. Ct. Dkt. No. 96). Mr. Zapata-Hernandez filed an "objection" to the order, which the clerk's office construed as a motion to reconsider. The motion to reconsider is denied.

In the motion to reconsider ("objection"), Mr. Zapata-Hernandez makes three arguments. The first is that collusion took place under 28 U.S.C. § 1359. The second is that the appeal is directed solely at his

5

claims against the three individuals rather than an objection to forfeiture of his interest in Lots 24 and 27. The third is that the three individuals forfeited their defenses by failing to assert them in district court.

The allegation of collusion is unexplained. And, as discussed above, Mr. Zapata-Hernandez has not filed a cross-claim against the three individuals; thus, they are nonparties and had no obligation to file anything in district court. Accordingly, we reject Mr. Zapata-Hernandez's arguments for reconsideration.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6